## CITY OF DALLAS v. J. E. BEEMAN.

### Decided December 2, 1899.

**1. Municipal Corporations—Consolidation—Damages as a "Debt."**

The act annexing the city of East Dallas to the city of Dallas having required that the latter should assume and pay all lawful debts of the former, the city of Dallas could be held liable for damages to land caused by the city of East Dallas cutting a ditch through it prior to the annexation. .

**2. Same—Liability Not Avoided.**

Where a city, in the exercise of its power as such, caused damage to plaintiff by cutting a ditch through his land, it could not avoid liability therefor on the ground that the resolution of the city council directing the work to be done contemplated that the expense thereof should be defrayed by subscription from adjacent property owners, where plaintiff had not agreed to look to such parties for compensation.

**3. Same—Estoppel Not Applicable.**

Nor did plaintiff's knowledge that the resolution of the city council provided that the expense caused by the ditch should be met by private subscription estop him from claiming his damage against the city, he not being a party to the resolution.

**4. Charge of Court.**

It is not error for the court to refuse to charge upon an issue not raised by the pleadings or supported by evidence.

**5. Same—Ratification—Weight of Evidence.**

In an action against a city for damages caused by a ditch which it had cut through plaintiff's land, and in which the court had properly instructed that unless the city council had authorized or directed the ditch to be dug, the jury should find for the city, it was not error to refuse to charge that the action of the council in ordering filed a report by the city engineer, recommending that the ditch be dug, could not be held as a ratification or adoption of the report, as this would have been upon the weight of the evidence.

APPEAL from Dallas. Tried below before Hon. RICHARD MORGAN.

*William P. Ellison,* for appellant.

*Parks & Carden,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was originally instituted by appellee against the city of East Dallas to recover damages occasioned by the digging of a ditch through appellee's property and the changing of the channel of Mill Creek where Elm Street crosses the same. After the institution of the suit, the city of East Dallas, by virtue of authority conferred by an act of the Legislature passed in February, 1889, was annexed to the city of Dallas. Thereupon plaintiffs amended their petition, making the city of Dallas a party defendant and praying for judgment against it, alleging that, by the terms of the statute authorizing the annexation of the city of East Dallas, the city of Dallas was required to assume and pay all the lawful debts which may exist against the city of East Dallas. The trial resulted in a judgment for plaintiff, from which defendant has prosecuted an appeal to this court.

This is the second appeal of this case. For a statement of the pleadings reference is made to the former appeal. 18 Texas Civ. App., 335. After the cause was remanded by this court on the former appeal, there was no change made in the pleadings of either party in the trial court.

*Conclusions of Fact.*—In the year 1888 J. E. Beeman was the owner of and in possession of a lot of land 50 feet wide by 145½ feet in length on the south side of Elm Street near the place where Mill Creek crosses said street, and within the limits of the city of East Dallas. During the later part of 1888 the city of East Dallas, for the purpose of straightening the channel of Mill Creek, caused a ditch to be dug in said lot its entire length, and turned the water of said creek into said ditch, thereby damaging said lot to the amount found by the jury. Said ditch was dug and said creek changed without the consent of said Beeman. Beeman has not been paid for the damage done to his said property.

By virtue of an act of the Legislature of Texas, approved April 13, 1890, entitled "An act to provide for the repeal of the charter of East Dallas and the annexation of the territory thereof to the city of Dallas," the city of East Dallas surrendered its charter, and the territory embraced within the limits of said East Dallas was annexed to and became

a part of the city of Dallas. By the terms of section 4 of said act the city of Dallas was required to assume and pay all the lawful debts which may exist against the city of East Dallas at the time such act went into effect. By virtue of this act the city of Dallas became liable and bound to pay to Beeman the damages sustained by him in cutting and changing the channel of Mill Creek as above set out.

*Conclusions of Law.*—Appellant's first assignment complains of the action of the court in overruling defendant's general exception and special exception number 1 to plaintiff's petition. The exception in effect is, that plaintiff's petition shows that the cause of action was for damages for a tort alleged to have been committed by the city of East Dallas, and that the same is not a debt within the meaning of the statute annexing East Dallas to the city of Dallas. This contention has been decided adversely to appellant by the Supreme Court in the case of Barber v. East Dallas, 83 Texas, 147.

The second and third assignments complain of the verdict and judgment as not being supported by the evidence, in that the evidence shows that the ditch was cut through plaintiff's property by private parties, and not by authority of the city council of East Dallas.

On August 25, 1888, the city council of East Dallas passed a resolution that the street committee be requested to look into the matter of straightening Mill Creek where it crosses Elm Street, thereby reclaiming valuable land both north and south of Elm Street, and that they be requested to ascertain whether or not the owners of such property would stand the expense of the same, or on what terms the work could be done.

On September 8, 1888, this committee was granted further time to report.

On October 6, 1888, the city engineer reported to the city council that he had examined Mill Creek at the point of the proposed change of its channel across Elm Street, and found it perfectly practicable and decidedly advantageous to the property owners along the proposed change and the community generally. This report was, by the city council, referred to the street committee.

On November 3, 1888, the city council of East Dallas passed a resolution that $200 be appropriated for the straightening of Mill Creek and bridging the same over Elm Street, provided the adjacent property owners would raise any additional cash for this work; the amount not to be paid until their amount be raised. Certain property owners did subscribe $750 to pay the expenses of changing Mill Creek, of which amount $250 was actually paid to the city engineer and appropriated by him to pay laborers for cutting the ditch and changing the branch. Five hundred dollars was not collected, and the report of the city engineer to the city council he states that amount is reserved to pay damages to Mr. Beeman. The evidence does not show that Beeman ever consented to accept these subscriptions for the damages done by the cutting of the ditch through his property. The evidence shows that the street

committee called upon Mr. Beeman to see if the committee could make arrangements whereby he would give his consent for the cutting of the ditch. They failed to obtain his consent. The ditch was actually cut by the street force of the city of East Dallas, acting under instructions from the city engineer and the street committee.

The evidence was sufficient to support the finding that the city of East Dallas authorized the cutting of the ditch, and the fact that the street committee caused the work to be done before they had collected from adjacent property owners sufficient moneys to pay for the expense of cutting the ditch, can not avail the appellant.

The fourth and fifth assignments of error complain of the action of the court in refusing certain special requested charges by defendant. The charges are to the effect, "that if plaintiff knew or had reason to know that the committee of the city council of East Dallas was only authorized to dig the ditch through his property on condition that the damage occasioned thereby, if any, should be paid by private parties, and that the said J. E. Beeman suffered said work to proceed and took no steps to stop it and to notify the city that he would not look to private parties for damages, then you are instructed that he is estopped to recover of defendant, and you will find for the defendant." This charge does not state a correct proposition of law.

The city of Dallas had the power to cut the ditch and take the property. The city granted authority to its committee on streets to straighten Mill Creek. The fact that the resolution authorizing the street committee to act embraced a proviso that the adjacent property owners should raise a part of the cash to pay for the work can not avail defendant. Beeman was not a party to this resolution. The city did authorize his property to be taken, and did cause it to be taken. In this condition of the record the court did not err in refusing said special charges.

Appellant's sixth assignment of error complains of the action of the court in refusing the following special charge requested by it: "You are instructed that if the plaintiff, knowing that the city council of East Dallas only authorized the digging of the ditch through his property on condition that private parties should pay all damages, if any, occasioned thereby, thereafter demanded and received of any of such parties any part of the money, if any subscribed by them to pay such damages, then you are instructed that plaintiff thereby ratified the action of the council's committee, and is estopped to demand any damages from this defendant." The court did not err in refusing the above charge, because the pleadings of the defendant did not raise this issue. Nor was there any evidence authorizing such a charge.

Appellant's seventh assignment of error complains of the refusal of the following charge: "You are instructed that by the minutes of the city council of December 15, 1888, it appears that the report of E. L. Lambert, city engineer, was received and filed. You are instructed that by such action the city council is not held as having ratified or approved

of such action of the said E. L. Lambert, in the things set forth in said report, but by said action the said council intended to file the said report away, and not at that time take any action thereon." The charge was upon the weight of evidence. The court, in its main charge, instructed the jury, unless the city council authorized and directed the ditch to be dug, to find for the city. The liability of the city was not placed by the court on the ratification by the council of the acts of its engineer and street committee. The court did not err in refusing this charge.

We have carefully examined the record and find no reversible error therein. The judgment is therefore affirmed.

*Affirmed.*