## J. B. WATKINS v. R. G. CATES.

### Decided November 17, 1900.

**1. Charge of Court on Weight of Evidence.**

The singling out of any fact by the court in the charge and telling the jury what effect it should or should not have, gives such fact undue prominence, and renders the charge obnoxious as being on the weight of evidence.

**2. Same—Error Immaterial, When.**

That a charge is upon the weight of evidence is not ground for reversal where the fact to which it calls attention is wholly unimportant.

**3. Limitation—Adverse Possession in Common with Another.**

Where the issue, under defendant's plea of limitations, was whether his possession was adverse to plaintiff, the fact that land of another person was, by a common fence, inclosed together with that of defendant, their common possession excluding all other persons, was immaterial, as it did not tend to show that the possession was not adverse to plaintiff.

APPEAL from Wise. Tried below before Hon. J. W. PATTERSON.

*John W. Wray* and *Bullock & Basham*, for appellant.

*R. E. Carswell*, for appellee.

HUNTER, ASSOCIATE JUSTICE.—This is a suit of trespass to try title brought by appellant against appellee to recover 265 acres of the Francisco Diaz survey in Wise County. Defendant pleaded not guilty and the ten years statute of limitations, suggesting, also, improvements made in good faith. To this plea of limitations the plaintiff replied, in effect, that in March, 1876, the defendant had, in fraud of his creditors, conveyed the land in controversy, together with 120 acres of the William Lockridge survey lying south of and adjoining it, to his brother Charles D. Cates, for a pretended consideration of $1000, and caused this deed to be duly recorded; that both tracts were soon thereafterwards inclosed with a fence in one inclosure, and that afterwards, to wit, in 1884, while defendant was holding his brother Charles out to the world as the owner of said lands, he caused his said brother to convey the 120 acres of the Lockridge survey to P. R. Collum, a brother-in-law of defendant, and caused the deed to be duly recorded, and procured the Watkins Land Mortgage Company to make a loan of $500 thereon to the said Collum, but which loan was for the sole benefit of the defendant; that this loan has been renewed every five years by said Collum and the interest paid by him to the present time; that about the same time of the conveyance to P. R. Collum, Charles D. Collum made a voluntary conveyance of the 265 acres in controversy to D. F. Collum, the son of P. R. Collum, which deed was also duly recorded, and caused him to procure a loan of $500 thereon for Charles' benefit, giving deed of trust on the land to secure same, which, when it matured in 1887, was foreclosed by sale of the trustee, and deed made to J. B. Watkins December 13, 1887; "that by reason of the acts of defendant in procuring a loan in 1884 on the William Lockridge 120 acres, which was conveyed to his brother Charles D. Cates by the same deed as the land in controversy and inclosed by the same fence, and by the renewing of the loan on the Lockridge tract in 1889 and 1894, plaintiff was led to believe that the possession of defendant was in subordination to the possession of said Collum and of the plaintiff, and that by the said acts of defendant he was estopped to deny the possession of the plaintiff."

The case was tried by a jury and verdict and judgment went for appellee for 160 acres of the land sued for, and the balance to appellant, from which judgment this appeal is taken.

The evidence showed that three other tracts of land, one of 30 acres, one of 120 acres, and one of about 300 acres, owned by different persons (the latter, however, held by appellee under bond for title), were by the owners' consent taken into the pasture by the same fence, and that the owner of the 30-acre tract pastured his cattle and stock therein the same as R. G. Cates did his, and also took wood and timber from his part of the land inclosed in said pasture, but all other persons were excluded, as may be fairly inferred from the evidence.

The court, after giving the jury a full and proper charge on the law of limitation of ten years, at the instance of the defendant Cates gave the following: "If you find from the evidence that defendant has had

peaceable and adverse possession of any part of the land in controversy, as heretofore explained to you in the main charge, for a period of ten years before the institution of this suit, by inclosing same with other lands, some of which belonged to other persons, you are instructed that the fact that defendant, while he maintained said inclosure, if he did maintain it, permitted the other person owning a portion of said lands to pasture cattle in said pasture, on account of having his land so inclosed, will not preclude him from recovering herein on his plea of limitation," and the giving of the special charge is assigned as error because, it is claimed, it is a charge upon the weight of the evidence, and also that it was misleading and the jury were thereby misled.

The question of exclusive adverse possession of the land in controversy by appellee Cates was the vital question in the case, and it has often been held that the singling out of any fact by the court in his charge and telling the jury what effect it should or should not have, gives it undue prominence, and would render such charge one on the weight of the evidence. This charge is perhaps obnoxious to the rule as stated, if the fact, to which attention is called, is of any importance. We have concluded, however, that the fact referred to in the charge, while undisputed, is wholly unimportant, and could not have affected the issue one way or the other, and consequently, while error, it was harmless error. The question at issue was whether the possession of appellee was adverse to appellant; and the fact that he held, or appeared to hold, possession in common with one other, lands inclosed by a fence from which all other persons were excluded, does not tend in any manner to prove that his possession was not adverse to appellant. If *both* held adverse to the appellant, the possession of *each* would be adverse, and the fact that he held possession in common with another would not in law affect his adverse possession as against the appellant, nor could the jury have concluded from that fact that the appellee was holding in common with the appellant.

All the other assignments of error are overruled, as we find no merit in them, and the judgment is affirmed.

*Affirmed.*