### R. E. Lumsden et al. v. Chicago, Rock Island & Texas Railway Company.

#### Decided February 1, 1902.

**1.—Charge of Court—Giving Undue Prominence.**

Where the court has already sufficiently charged upon the issues in the case, it is reversible error for it to give, at the request of one of the parties, other charges which are merely a repetition of certain ones already given, and thus unduly emphasize the pivotal issue in the case. See illustration in a personal injury case.

**2.—Same—Argumentative Charge—Railroads.**

A charge is argumentative which instructs the jury that if they find that plaintiff's decedent could have gone from the boarding car from which he started to its passenger station by going due north in between its switch tracks until he reached the public highway, and that an ordinarily prudent person would have so gone, and that if he had so gone, he would not have lost his life, they should find for the defendant railway company.

Appeal from Wise. Tried below before Hon. J. W. Patterson.

*R. E. Carswell* and *C. K. Bell,* for appellants.

*T. J. McMurray,* for appellee.

CONNER, Chief Justice.—This is an appeal from a judgment in appellee's favor by R. E. Lumsden and Debre Lumsden, surviving wife and minor child respectively of John W. Lumsden, who was run over and killed by cars of the appellee company in its yards at Bridgeport, Wise County, Texas, on the night of November 21, 1898.

It was charged that the deceased was in the employment of the appellee company as a member of a bridge gang; that he had been directed to go to the town of Jacksboro, and that while going from the boarding car of the bridge gang across the railway yard and tracks at Bridgeport to take passage upon one of appellee's trains destined for Jacksboro, he was, without fault or negligence on his part, negligently run down and killed by some heavily laden cars that had been "kicked" along and down a switch track across which deceased was going when run over. It was alleged that the night was very dark; that no brakeman or light was stationed on the end of the approaching car; that no light was on the depot platform near which the accident occurred, and that said cars approached without noise, without warning, and very rapidly.

The defense, so far as necessary to here state, was a general denial and contributory negligence on the part of John W. Lumsden in attempting to cross the track upon which he was killed at the time and in the manner he did without stopping, looking, and listening, and in attempting to cross the track rather than go in another and safer way.

The errors assigned are to the action of the court in giving certain special instructions requested by appellee and in refusing others requested by appellants. To illustrate the force of appellant's objections and the conclusion to which we have come, it will be necessary to set out the instructions involved and to state that the evidence of the contending parties in many material particulars was as distinctly conflicting as evidence could well be. The evidence in behalf of appellants tended to support the material allegations of their petition, and to show that deceased was in the exercise of ordinary care at the time he was killed, while appellee's evidence tended to show that the night was light instead of dark; that the brakeman with a light was upon the forward car instead of some four or five cars back; that the cars approached slowly instead of rapidly; that the cars, brakeman, and light could have been plainly head and seen had the deceased made the slightest effort to stop, look, or listen; that there was another and safe way in which deceased could have gone, and that, notwithstanding this, deceased deliberately walked out upon said track, stopped, and there remained until run over.

The court's general charge gave proper definitions of negligence and ordinary care; instructed the jury that it was the duty of appellee's servants operating the train to exercise such care to avoid injury to persons who might be in its yards or crossing its tracks; that it was also the duty of deceased to exercise ordinary care to avoid injury to himself, and among other things gave the following paragraphs on contributory negligence:

"5. If you believe from a preponderance of the evidence herein that the said John W. Lumsden, before going upon the track of the defendant, failed to look and listen for cars on said track, and if you believe that such failure to look and listen for cars was negligence as the same is hereinbefore defined, and if you believe the said Lumsden, by so looking and listening, could have discovered his danger; you will find for the defendant.

"10. If you believe that J. W. Lumsden attempted to cross the defendant's track in front of the cars, and if you believe he was while attempting to do so killed, and if you believe from the evidence that in so attempting to cross the track the said Lumsden was guilty of negligence as the same is hereinbefore defined, you will find for the defendant."

It was under such circumstances that the court gave, at appellee's request, the following special instructions, to which error has been assigned:

"5. You are instructed that if you believe from the testimony that J. W. Lumsden could have seen the car or cars which killed him if he had stopped or looked or listened before he went upon the track, and if

you believe that an ordinarily prudent person situated as he was would have stopped or looked or listened, and you further believe that his failure to stop or look or listen was the case of his being run over and killed, you will return a verdict in favor of defendant railway company.

"8.    You are instructed that even if you find from the testimony that the defendant was guilty of negligence which caused or contributed to the death of said J. W. Lumsden, and also find that said J. W. Lumsden was himself guilty of contributory negligence, which proximately contributed to bring about said occurrence, it will be your duty to find a verdict for the defendant railway company.

"9.    You are instructed that if you find from the evidence that said J. W. Lumsden could have gone from the boarding car from which he started to its passenger train or passenger station by going due north in between its switch tracks until he reached the public highway, and that an ordinarily prudent person would have so gone, and that if he had so gone he would not have lost his life, it will be your duty to find for the defendant railway company.

"11.    You are instructed that it is the duty of one while passing through the yards of a railway company and over its tracks to use that degree of care and caution that an ordinarily prudent person under the same circumstances would use, and if you believe that an ordinarily prudent person would not have gone or attempted to go across the yards, switches, and tracks of the defendant at the time and in the manner said J. W. Lumsden did, and believe that his going across said tracks at the time and in the manner he did was the cause of his death, then you will find for the defendant railway company."

It is often a matter of difficulty to discriminate between charges falling within the rule announced in the case of Railway v. McGlamory, 89 Texas, 635, reaffirmed in Railway v. Rogers, 91 Texas, 52, and charges that are objectionable as tending to give undue prominence to a particular defense sharply contested in the evidence. But we think a careful consideration of the special charges above set out will render it apparent that the court, under the circumstances, erred to the prejudice of appellants, as assigned, in giving them.

The fifth special instruction was substantially but a repetition of that given in the fifth paragraph of the court's general charge. Special charges numbers 8 and 11 are substantially embraced in the tenth clause of that already given by the court, while special charge number 9 was argumentative, and the whole, when considered together, unduly emphasized the pivotal issue in the case. Chisum v. Chesnutt, 36 S. W. Rep., 760, and that line of cases. It is mainly insisted in answer to this view that the undisputed evidence establishes contributory negligence on the part of John W. Lumsden, but having been unable to concur in this construction of the testimony, the judgment will be reversed and the cause remanded for the error indicated.

*Reversed and remanded.*