JOHN C. HAMM ET AL. v. WILLIAM O. BRIANT.

Decided November 20, 1909.

**1.—Charge—Undue Emphasis—Practice.**

In an action for damages for annoyance, inconvenience and discomfort to plaintiff and his family resulting from the operation of a gin and light plant, charge considered and held subject to the objections that it was argumentative and gave undue emphasis to plaintiff's contention. When the issues to be decided have been properly submitted to the jury, it is bad practice to follow the instructions with statements of abstract propositions of law.

**2.—Nuisance—Lawful Use of Premises.**

A nuisance is anything that works hurt, inconvenience or damage. If the operation of a gin and light plant upon the premises of the owner amounts to a nuisance to an adjacent property owner, then no amount of care in the conduct of the business will exempt the owner of the plant from liability for damages.

Appeal from the County Court of Taylor County. Tried below before Hon. T. A. Bledsoe.

*Hardwicke & Hardwicke* and *Theodore Mack,* for appellants.—One who uses his property in a lawful and proper manner is not guilty of a nuisance, even though negligence and unskillfulness may not be a proper element in the law of nuisances. 29 Cyc., 1156, 1157, 1159; Taylor v. Seaboard Air Line Ry., 59 S. E., 129; 6 Current Law, 828; Phillips v. Brick Co., 82 Pac., 787; Wade v. Miller, 188 Mass., 6, 73 N. E., 849.

*J. M. Wagstaff,* for appellee.

DUNKLIN, ASSOCIATE JUSTICE.—William O. Briant recovered judgment for three hundred dollars against John C. Hamm and the Merkel Light & Power Company for alleged damages for annoyance, inconvenience and discomfort to the plaintiff and his family, resulting from the operation of a gin and light plant by defendants, and from that judgment defendants have appealed.

In the charge of the court the issue was submitted as to whether or not the operation of the plant constituted a nuisance warranting a recovery by the plaintiff, and neither party has challenged the correctness of that instruction. After thus instructing the jury, the charge contained the following additional instruction, to wit:

"You are further charged that no matter how lawful a business may be it can not be conducted in such a manner as to directly, palpably

and substantially injure the comfort and convenience of the premises of another.

"And that where dust, dirt and lint are emitted from the premises of the defendants and carried on the plaintiff's premises to the discomfort and annoyance of plaintiff, it is not necessary for plaintiff to show that defendant's business was carried on recklessly or was not properly managed.

"And where one permits dust, dirt and lint to be emitted from his premises and carried on to the premises or adjoining property of another in such a manner as to seriously annoy and discomfort the occupants of said adjoining property, such action is subject to liability.

"Dirt, dust and lint are not nuisances *per se,* but when produced in such quantities and distributed in such a manner as to render them specially uncomfortable and inconvenient, and to interfere with the comfort of human existence, then they may become nuisances."

By different assignments, each paragraph of the charge quoted above is assailed as being argumentative, and as giving undue emphasis to plaintiff's contention that dirt, dust and lint escaping from defendants' plant did cause himself and family annoyance and discomfort, and those assignments are sustained. As above noted, the issues to be decided by the jury had already been submitted to the jury in previous paragraphs of the charge, and when that is done in a proper manner we fail to understand the necessity in any case of following such instructions with statements of abstract propositions of law. It may become necessary in some instances to define a legal term, such as "negligence," used in presenting the issues to be decided by a jury, but when the court proceeds further and indulges in a discussion of abstract questions of law, there is always danger of unduly emphasizing the contention made by some party to the suit, as we think was clearly done by the instructions above quoted.

By their tenth assignment complaint is made of the refusal of the court to give to the jury the following special instruction, requested by defendants:

"Gentlemen of the jury, you are instructed that defendants had a right in law to use their property for all purposes proper to the prudent maintenance and operation of said gin and light plant, and defendants will not be liable herein if the use to which they have put their property is a reasonable use for proper purposes."

This requested instruction embodied an incorrect proposition of law, and the court did not err in refusing it. In Burditt v. Swenson, 17 Texas, 502, the court said: "What constitutes a nuisance is well defined. The word means literally annoyance; in law it signifies, according to Blackstone, 'anything that worketh hurt, inconvenience or damage.'" In that case the court further quoted with approval from Blackstone the following: "And by consequence it follows that if one does any other act in itself lawful, which being done in that place necessarily tends to the damage of another's property, it is a nuisance; for it is incumbent on him to find some other place to do that act where it will be less offensive." See also Gainesville, H. & W. Ry. v. Hall, 78 Texas, 174. The facts in cause No. 5745, Western Texas Compress Company v. Alex Williams, decided by this court but not of-

ficially reported, were very similar to the facts in this case, and in the opinion there rendered we used the following language:

"The third and sixth assignments raise the point that to entitle appellee to a recovery he must have alleged and proved negligence on the part of appellants in maintaining or operating its plant. But the reverse of the proposition appears to be the law. In other words, if the operation of appellants' plant amounted to a nuisance as to appellee, then no amount of care on the part of appellant in conducting its business would excuse it from liability for the damages. The principle is thoroughly settled in railroad cases, in Daniel v. Ft. Worth & R. G. Ry. Co., 96 Texas, 327; Rainey v. Red River, T. & S. Ry. Co., 80 S. W., 95; Missouri, K. & T. Ry. Co. v. Perry, 46 Texas Civ. App., 374. And the rule commends itself to us as being applicable to other than railroad cases, and indeed has frequently been so held. For a case very much in point, see Berger v. Minneapolis Gas Light Co., 60 Minn., 296, 62 N. W., 336, where a defendant, who for his own use stored on his own land petroleum which escaped on the premises of the plaintiff, was held to be liable for the damages without proof of negligence on his part." See also Rainey v. Red River, T. & S. Ry., 99 Texas, 276.

Appellants have presented other assignments of error, but as the circumstances made the basis thereof will not likely occur upon another trial, it is not necessary to discuss them.

For the errors indicated above, the judgment of the trial court is reversed and the cause remaned for another trial.

*Reversed and remanded.*