CONTINENTAL OIL & COTTON CO. v. THOMPSON et al.

(Court of Civil Appeals of Texas. April 1, 1911.)

1. APPEAL AND ERROR (§ 1064*)—HARMLESS ERROR—INSTRUCTIONS.
Even if the definition of a nuisance as anything that works hurt, inconvenience, and annoyance, was defective for not requiring that the conditions resulting therefrom would annoy persons of ordinary sensibilities, tastes, and habits, it could not have harmed defendant in an action for damages for maintaining a nuisance, where there was no evidence that plaintiffs were persons of extraordinary sensibilities, etc.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219–4224; Dec. Dig. § 1064.*]

2. TRIAL (§ 240*)—ARGUMENTATIVE INSTRUCTIONS.
In an action for damages for maintaining a nuisance by discharging oil and water into the street and upon plaintiff's property, an instruction that, even though the jury find that plaintiff's property was located in a manufacturing district, defendant would be liable in damages if the jury believed that it was guilty of maintaining a nuisance close to plaintiff's residence, as the term "nuisance" was therein defined, and that plaintiff suffered inconvenience therefrom, was argumentative in form.
[Ed. Note.—For other cases, see Trial, Cent. Dig. § 561; Dec. Dig. § 240.*]

3. TRIAL (§ 244*) — INSTRUCTIONS — UNDUE PROMINENCE OF ISSUE.
A special instruction, given in an action for damages for maintaining a nuisance by discharging oil and water into the streets and upon plaintiff's premises, that, even if plaintiff's property was "located in a manufacturing district," defendant would be liable if it maintained a nuisance close to plaintiff's residence, causing him discomfort, unduly emphasized plaintiff's contention as to the existence of the nuisance in view of a similar paragraph in the main charge.
[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 577–581; Dec. Dig. § 244.*]

4. TRIAL (§ 229*)—INSTRUCTIONS—UNDUE EMPHASIS.
It is the court's duty to ascertain the issues of fact and present them in the instructions, and, where that was done in other paragraphs of the charge, it was improper to state the allegations of the petition in another charge; that unduly emphasizing plaintiff's case.
[Ed. Note.—For other cases, see Trial, Cent. Dig. § 513; Dec. Dig. § 229.*]

5. NUISANCE (§ 54*)—ACTION FOR DAMAGES—INSTRUCTIONS—MEASURE OF DAMAGES.
An instruction, in an action for damages for maintaining a nuisance by discharging oil and water into the street and upon plaintiffs' land, that, if plaintiff was thereby damaged, the jury should find for him, not exceeding the amount sued for, in effect charged that plaintiffs' measure of damages was such a sum as in the jury's opinion reasonably and fairly compensated him for the substantial annoyance and discomfort suffered from the nuisance, and was proper.
[Ed. Note.—For other cases, see Nuisance, Dec. Dig. § 54.*]

6. TRIAL (§ 229*) — INSTRUCTIONS — REPETITION.
It is better not to repeat an instruction on the measure of damages.
[Ed. Note.—For other cases, see Trial, Cent. Dig. § 513; Dec. Dig. § 229.*]

Appeal from District Court, Taylor County; Thos. L. Blanton, Judge.

Action by S. T. Thompson and another against the Continental Oil & Cotton Company. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

D. M. Oldham and Hardwicke & Hardwicke, for appellant. Harry Tom King and B. K. Isaacs, for appellees.

DUNKLIN, J. S. T. Thompson and wife owned a home in the city of Abilene and sued the Continental Oil & Cotton Company, alleging that in the operation of its cottonseed oil mill and refinery the defendant caused oil and water to be discharged from its plant upon the streets of the city, from whence it ran upon plaintiffs' premises and upon the streets adjacent thereto, causing a nuisance, by reason of which plaintiffs suffered personal annoyance and discomfort, for which they sought to recover damages. Judgment was rendered in plaintiffs' favor for $400, and defendant has appealed.

[1] In the charge the jury were told "by the term nuisance is meant anything that worketh hurt, inconvenience, and annoyance for damage." This definition of a nuisance is found in 3 Blackstone's Com. 216, and has been approved in Burditt v. Swenson, 17 Tex. 502, 67 Am. Dec. 665, Hamm v. Briant, 124 S. W. 112, and other authorities. In the case of Sherman Gas & Electric Co. v. Belden, 123 S. W. 120, 27 L. R. A. (N. S.) 237, our Supreme Court said: "The standard by which the issue of nuisance must be determined by the jury is that the conditions caused by the operation of the plant were such as would disturb and annoy persons of ordinary sensibilities and of ordinary tastes and habits." Appellant insists that the definition of a nuisance given by the trial court was erroneous, in that it failed to embody the instruction that, before they could find that the acts complained of constituted a nuisance, the jury must find that the conditions resulting therefrom were such as would disturb and annoy persons "of ordinary sensibilities and of ordinary tastes and habits." The record shows no evidence introduced upon the trial tending to show even remotely that appellees were persons of extraordinary sensibilities or of extraordinary tastes and habits, and therefore, if the definition given

---

was not strictly accurate, there is no showing that probable harm resulted to appellant by reason of such inaccuracy.

In the main charge given the jury were instructed as follows: "Where one operates a business, otherwise lawful, in a manner such as to directly, palpably, and substantially injure another in the enjoyment, comfort, and convenience of the premises resided in by him, to such an extent that such manner of operation is a nuisance, then such person so operating such business would be liable in damages to the one so injured. Now, should you find from the evidence that the defendant company did at any time alleged in plaintiffs' petition conduct and carry on its business in the manner as alleged in plaintiffs' petition, and that same constituted a nuisance as to plaintiffs, and that by reason of same the plaintiffs suffered damages, if in fact said defendant did so carry on such business, and if plaintiffs were thereby damaged, then you would find for the plaintiffs in such sum against the defendant as in your judgment would reasonably compensate them for the injuries, if any received, not exceeding, however, the amount sued for. Should you find for the plaintiffs, then you are charged that there is no precise rule for ascertaining the damages, as in the very nature of things the subject-matter is not susceptible to measurement. Therefore the jury is left to say what in its judgment the plaintiffs ought to have in money, and what the defendant ought to pay, in view of the discomfort or annoyance, if any, to which the plaintiffs have been subjected by the nuisance, if any."

[2] The following special instruction was also given at plaintiffs' request: "You are charged that, even though you find from the evidence that plaintiffs' property is located in a manufacturing district, nevertheless defendant would be liable in damages, should you believe from the evidence that it is guilty of maintaining a nuisance in proximity to plaintiffs' residence as the term 'nuisance' is defined to you in the court's main charge, and that plaintiffs suffered inconvenience and discomfort therefrom."

It will be observed that in the special instruction plaintiffs' contention that defendant was guilty of maintaining a nuisance in proximity to plaintiffs' residence and was liable to plaintiffs in damages therefor is presented when the same contention had already been presented in the main charge.

[3] We think this special instruction is subject to the criticism that it is argumentative in form, and unduly emphasized plaintiffs' contention, especially in view of the first paragraph quoted above from the main charge, which of itself was unnecessary and perhaps also subject to the criticism as being argumentative and harmful to defendant. G., C. & S. F. Ry. Co. v. Farmer, 102 Tex. 240, 115 S. W. 260; Watkins v. Cates, 24 Tex. Civ. App. 384, 59 S. W. 1123; Dallas v. Beeman, 23 Tex. Civ. App. 318, 55 S. W. 762. The charge given authorized a recovery for the alleged nuisance if the same had been established by proof, irrespective of surroundings other than defendant's plant. It would be equally as reasonable to give a special instruction that the fact that plaintiffs were negroes would not of itself bar a recovery as to instruct the jury that the location of the property in a manufacturing district would not be such a bar. Sizemore v. S. L. & S. F. Ry., 130 S. W. 1024; Van Zandt-Moore Iron Works v. Axtell, 126 S. W. 931; Hamm v. Briant, 124 S. W. 112; Palfrey v. Tex. Cent. Ry., 31 Tex. Civ. App. 552, 73 S. W. 411; Kroeger v. Tex. & Pac. Ry., 30 Tex. Civ. App. 87, 69 S. W. 810; Lumbsden v. C., R. I. & T. Ry., 28 Tex. Civ. App. 225, 67 S. W. 169; Traylor v. Townsend, 61 Tex. 147.

[4] A further complaint is made that the court gave undue prominence to plaintiffs' case by reciting in the charge the allegations of fact contained in the petition and relied on as constituting a nuisance. The charge also contained a statement of the defendant's pleadings. The court is required to evolve from the pleadings the issues of fact raised by the evidence and to present the same in his charge. Bering Mfg. Co. v. Femelat, 35 Tex. Civ. App. 36, 79 S. W. 869. This was done in other paragraphs of the court's charge, and it was therefore wholly unnecessary to include in the charge a statement of the pleadings of the parties. We are unable to say that the charge is subject to the criticism made, but suggest that upon another trial a statement of the pleadings should be omitted from the charge.

[5] We suggest further that if the alleged nuisance be proven, and plaintiffs' right to recover by reason thereof established, then the proper measure of plaintiffs' damages would be such a sum of money as in the opinion of the jury is sufficient to reasonably and fairly compensate plaintiffs for such substantial annoyance and discomfort, if any, as the evidence shows they have suffered by reason of such nuisance.

[6] We think that such is the practical effect of the charge given upon the measure of damages as shown in the instructions quoted above; but perhaps the charge is subject to the criticism that the same instruction is given twice, and upon another trial it would be better to avoid such repetition.

For the error noted, the judgment is reversed, and the cause remanded.