## MISSOURI, K. & T. RY. CO. OF TEXAS et al. v. BROWN.

(Court of Civil Appeals of Texas. Amarillo. April 13, 1912.)

1. TRIAL (§ 251*)—SUBMISSION OF ISSUES—SUPPORT BY PLEADING.

In an action against railway companies for injuries to a live stock shipment, it was error to submit an issue of negligence in delaying transportation, where such negligence was not pleaded, though in evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

2. CARRIERS (§ 230*)—LIVE STOCK—INJURIES TO SHIPMENT—INSTRUCTIONS.

In an action against connecting live stock carriers for injury to a shipment in transit, an instruction that defendants were only required to use ordinary care to ship the cattle to their destination within a reasonable time, and that unless defendants or some one of them were negligent in shipping the cattle to their destination, the finding should be for defendants on the issue of delay, was erroneous as authorizing a recovery for delays if any one of the companies was negligent in roughly handling the cattle.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 961, 962; Dec. Dig. § 230.*]

3. TRIAL (§ 244*)—INSTRUCTIONS—REPEATED SUBMISSION OF ISSUE.

It is improper to call particular attention to an issue by authorizing recovery thereon in several different paragraphs of the instructions.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 577–581; Dec. Dig. § 244.*]

4. APPEAL AND ERROR (§ 742*)—REVIEW—SCOPE.

In disposing of assignments of error, the Court of Civil Appeals is confined to the questions raised by the propositions thereunder.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

5. CARRIERS (§ 230*)—LIVE STOCK—INJURIES TO SHIPMENT—INSTRUCTIONS—DAMAGES.

In an action against connecting carriers for injuries to live stock in transit, an instruction that plaintiff's measure of damages was any difference in the market value of the cattle at the destination in their condition when they arrived and the market value they would have had but for any negligence of defendants, and the market value of any cattle that died as a proximate result of defendants' negligence, was not erroneous as authorizing double recovery.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 961, 962; Dec. Dig. § 230.*]

6. TRIAL (§ 256*)—INSTRUCTIONS—PROXIMATE CAUSE—REQUESTS—NECESSITY.

In an action against connecting carriers for injuries to live stock in transit, an instruction that the proximate cause of an event is that which in a natural and continuous sequence, unbroken by any new or unbroken cause, produces the event, and without which the same would not have occurred, was not prejudicially erroneous for failing to add that it must appear that the injury was the natural

and probable consequence of the act and that it, or some similar injury, ought to have been foreseen in the light of attending circumstances; more specific instruction not having been requested.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*]

7. TRIAL (§ 260*)—INSTRUCTIONS—REFUSAL—MATTER COVERED.

An instruction covered by the court's main charge is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Appeal from District Court, Potter County; J. N. Browning, Judge.

Action by Albert Brown against the Missouri, Kansas & Texas Railway Company of Texas, the Ft. Worth & Denver City Railway Company, and another. Judgment for plaintiff, and the defendants named appeal. Reversed and remanded.

Turner & Wharton, of Amarillo, and Alex S. Coke and Spoonts, Thompson & Barwise, all of Ft. Worth, for appellants. W. M. Whitmire, of Bentonville, Ark., and Gustavus & Jackson, of Amarillo, for appellee.

GRAHAM, C. J. This suit was filed by appellee in the district court of Potter county, Tex., against appellants and the Pecos & Northern Texas Railway Company, for damages alleged to have been sustained as a result of the shipment of 30 head of Jersey cows, from Austin, Tex., to Ft. Worth, Tex., over the lines of the Missouri, Kansas & Texas Railway Company of Texas; from Ft. Worth, Tex., to Amarillo, Tex., over the lines of the Ft. Worth & Denver City Railway Company; and from Amarillo, Tex., to Ft. Sumner, N. M., over the lines of the Pecos & Northern Texas Railway Company. The negligence charged as against the Missouri, Kansas & Texas Railway Company of Texas and the Ft. Worth & Denver City Railway Company was rough handling by said defendants, respectively, of the cattle in controversy, while in their charge, respectively. The right of recovery as against the Pecos & Northern Texas Railway Company was based upon allegations of negligence, both in rough handling and in delays in transportation. The case was tried below before a jury, which rendered a verdict in favor of the defendant the Pecos & Northern Texas Railway Company as against the plaintiff and in favor of plaintiff against each of the other two defendants for $410, on which judgment was rendered, and from which the Missouri, Kansas & Texas Railway Company of Texas and the Ft. Worth & Denver City Railway Company have separately prosecuted an appeal to this court.

As the first eight assignments of error urged in this court by each of the appellants are the same, and the same legal questions are raised thereunder, we will dispose of said assignments together. Under appellants' first assignment of error in the brief, complaint

is made that the trial court erred in giving in charge to the jury the eighth paragraph of his main charge, which is as follows: "Bearing in mind the foregoing definitions and instructions, if you believe and find from a preponderance of the testimony that the defendants, or any one or more of them, in transporting the one car load of cattle in question for plaintiff, failed to exercise ordinary care in handling and shipping said cattle, or neglected to transport said stock with reasonable care, diligence, and dispatch, to their destination within a reasonable time, and you further believe from the evidence that any of said cattle on account of either or both of said causes, if any, were thereby injured or died, and that such injuries or deaths were proximately caused by such unreasonable and unnecessary delays, if any, or of the rough handling, if any, you will find for the plaintiff such damages as you find to be the result of such injuries or deaths, if any, unless you find for the defendants under instructions hereinafter given you." Under this assignment four propositions are submitted, as follows: "First proposition: There being no evidence in this case showing any delay on the part of these appellants, the Missouri, Kansas & Texas Railway Company of Texas and the Ft. Worth & Denver City Railway Company, it was reversible error for the court to submit to the jury the issue of unreasonable and unnecessary delay on the part of these appellants, as a ground of recovery. Second proposition: The uncontradicted and uncontroverted testimony in this case being that appellee's cows were not unreasonably or unnecessarily delayed during transportation, but, on the other hand, showing that his said cows were transported in the usual, ordinary, and customary time, it was reversible error for the court to submit to the jury in the eighth paragraph of his main charge the issue of whether appellee's cows were unreasonably or unnecessarily delayed. Third proposition: Appellee having failed to plead that appellants the Missouri, Kansas & Texas Railway Company of Texas or the Ft. Worth & Denver City Railway Company were guilty of negligence, in unreasonably and unnecessarily delaying his cows during transportation, it was reversible error for the court to submit to the jury the issue of such unreasonable and unnecessary delay in the eighth paragraph of the court's main charge to the jury and authorize the jury to find against these appellants on such issue when such issue was not raised by the pleadings. Fourth proposition: There being no evidence in this case showing any delay on the part of these appellants, the Missouri, Kansas & Texas Railway Company of Texas and the Ft. Worth & Denver City Railway Company, it was reversible error for the court to submit to the jury, in the eighth paragraph of his main charge to the jury, the issue of unreasonable and unnecessary

delay on the part of these appellants as a ground of recovery."

It will be noted that the first, second, and fourth propositions raise the question of the insufficiency of the evidence to warrant the charge given. We have carefully read the evidence, as found in the statement of facts, and while the same is very meager, in so far as it tends to show negligence as to delay by either of the appellants, we are not prepared to say that the evidence is wholly insufficient to warrant a finding that there was negligence in the delay in transporting the cattle by each of the appellants, and for that reason the contention made under the first, second, and fourth propositions is overruled.

[1] The third proposition, however, raises the question of the right of the trial court to submit a right of recovery for an act of negligence not pleaded. We have carefully read the entire pleading in the case, and, as we construe the same, plaintiff nowhere charges that either of the appellants were guilty of any negligence in delaying the transportation of his cattle and which resulted in any injury to them. As we understand the practice in courts of record in this state, there must be both pleading and evidence to warrant a recovery, and if there be no pleading, even though there be evidence, no recovery can be sustained. Because there was no pleading warranting a recovery for negligence, if any, in delay in transportation of the cattle in controversy by either of the appellants, it was error for the trial court to submit such an issue as a basis of recovery, and as there was evidence introduced sufficient in our judgment to sustain a recovery for delay had the same been pleaded, the submission of such an issue was necessarily injurious to the rights of the appellants, and for these reasons appellants' third proposition is sustained. S. A. & A. P. Ry. Co. v. De Ham, 93 Tex. 74, 53 S. W. 375.

[2] Under appellants' second assignment, complaint is made that the trial court erred in giving the sixth paragraph of his main charge to the jury, which is as follows: "The defendants were not required to furnish a special train in which to transport the cattle in question (they not being shown to constitute a train load), but were only required to exercise such ordinary care to ship them to their destination within a reasonable time after they were received for shipment, and unless you believe from a preponderance of the evidence that the defendants, or some one of them, were negligent in shipping said cattle to their destination, you will find for the defendants on the issue of delay, if any, in the transportation of said cattle." Under this assignment appellants submit five propositions, as follows: "First proposition: There being no evidence in this case showing any delay on the part of these appellants, the Missouri, Kansas & Texas Railway Company of Texas and the Ft. Worth & Denver City Railway Company,

it was reversible error for the court to submit to the jury, in the sixth paragraph of the court's main charge, the issue that these appellants were guilty of negligence in delaying appellee's cows during transportation. Second proposition: It was reversible error for the court to submit to the jury, in the sixth paragraph of the court's main charge to the jury, the issue of whether or not appellants were guilty of negligence in delaying appellee's cows during transportation, for the reason that the uncontradicted and uncontroverted evidence in the case shows that appellee's cows were transported in the usual, ordinary, and customary time. Third proposition: Appellee having failed to plead that appellants negligently delayed his said cows during transportation, it was reversible error for the court to submit such issue to the jury for their finding thereon for the reason that there were no pleadings upon which to base such issue. Fourth proposition: The court erred in the sixth paragraph of his main charge to the jury, in charging the jury that, before they could find for appellants herein on the issue of delay, they would further have to find that they were not guilty of negligence in the transportation of said cows. Fifth proposition: The court erred, in the sixth paragraph of the court's main charge to the jury, in instructing the jury that before they could find for appellants or either of them, on the issue of delay in the transportation of appellee's cows, they would have to further find that both appellants and their codefendant, the Pecos & Northern Texas Railway Company, were not guilty of negligence in delaying said cows, during the transportation of said cows."

For the reasons given in overruling the first, second, and fourth propositions under the first assignment, we also overrule the first and second propositions under this assignment, and for the reasons given in sustaining the third proposition under the first assignment, we also sustain the third proposition under this assignment.

A careful reading of the sixth paragraph of the court's main charge has caused us to reach the conclusion that the same is fairly subject to the criticism urged under appellants' fourth and fifth propositions under this assignment. As we construe the portion of the charge complained of, in the light of the pleading, it can mean nothing more or less than that, if the proof showed that either of the companies were guilty of negligence in roughly handling the cattle, the jury were then warranted in finding against the defendants also for delays.

Under appellants' third assignment, complaint is made that the trial court erred in giving in charge to the jury the third paragraph of his main charge, which is as follows: "It is the duty of a railway company, accepting live stock for shipment over its lines, to exercise ordinary care and reason-

able diligence to transport them to their destination or to the next connecting carrier over whose line such stock must be transported and deliver them within a reasonable time. What would be a reasonable time in a given case must be determined by the jury from all the facts and circumstances of the particular case as shown by the testimony. But a railway company transporting live stock is compelled only to transport the same with ordinary care and reasonable dispatch, and the shipper assumes the risk of unavoidable delays while the stock are en route." This assignment is submitted under three propositions, as follows: "First proposition: There being no evidence in this showing any delay on the part of these appellants, it was reversible error for the court to charge the jury, in the third paragraph of the court's main charge, that it was the duty of these appellants to exercise ordinary care to transport appellee's cows within a reasonable time. Second proposition: Appellee having failed to allege that these appellants were guilty of delaying appellee's cows during transportation, it was reversible error for the court to charge the jury, in the third paragraph of the court's main charge, that it was the duty of appellants to exercise ordinary care to transport appellee's cows within a reasonable time. Third proposition: The court erred in charging the jury, in the third paragraph of his main charge to the jury, that it was the duty of appellants to exercise ordinary care to transport appellee's cows within a reasonable time, for the reason that the same gives undue prominence to the issue of delay, in this, that the court in the sixth and eighth paragraphs of the court's main charge to the jury also submitted the issue of delay on the part of these appellants."

For the reasons given in overruling appellants' first, second, and fourth propositions under the first assignment, the first proposition under this assignment will be overruled, and for the reasons given in sustaining the third proposition under the first assignment, the second proposition under this assignment will be sustained.

[3] The court, in the sixth and eighth paragraphs of his main charge, having submitted to the jury the right to recover against appellants in the event of delays in transportation of the cattle even if there had been pleadings to support a recovery arising from negligent delays, the third proposition under this assignment must be sustained because it is improper to call attention to the same issue and authorize a recovery thereon in several different paragraphs of the court's charge, as was done in this case, on the issue of delay, and for this reason the third proposition under this assignment will be sustained. Chisum v. Chesnutt, 36 S. W. 758; Lumsden et al. v. C., R. I. & T. Ry. Co., 28 Tex. Civ. App. 225, 67 S. W. 168:

Redmond v. Sherman Cotton Mills, 100 S. W. 186.

[4] Under appellants' fourth assignment of error, complaint is made that the trial court erred in failing to give in charge to the jury their second specially requested instruction, which is as follows: "The plaintiff having failed to prove an unreasonable delay on the part of the Missouri, Kansas & Texas Railway Company of Texas and the Ft. Worth & Denver City Railway Company in the transportation of said cows, you will find against the plaintiff on such issue as to these defendants." Under this assignment two propositions are submitted, as follows: "First proposition: The evidence failing to show any delay on the part of these appellants, it was reversible error for the court to refuse to give these appellants' specially requested instruction No. 2, instructing the jury to find for these appellants, on the issue of delay. Second proposition: There being no evidence in this case of any delay on the part of these appellants in the transportation of appellee's cows, and the court in his main charge having submitted such issue to the jury, it was reversible error for the court to refuse to give appellants' specially requested instruction No. 2, wherein the court was asked to instruct the jury to find in favor of these appellants and against the appellee on the issue of delay in the transportation of said cows." As before stated, we think there is some evidence in the record that would have warranted the trial court in submitting to the jury the issue of injury resulting from negligent delay, if the same had been pleaded, and for this reason neither of the above propositions can be sustained. In view of the fact, however, that there were no pleadings warranting a recovery as against either of the appellants for damages resulting from negligent delays, the special charge requested or some similar one should have been given to the jury. As we are confined, in disposing of assignments of error, to the questions raised in the propositions thereunder for the reasons above stated, this assignment will be overruled. Testimony having been introduced during the trial, without objection, tending to show that injury and damage to the cattle had resulted from negligent delays in transporting them, and there being no pleading warranting a recovery for such negligence, it would have been appropriate for the trial court to have directed the jury to find for appellants on this issue, not because there was not evidence sufficient for the issue to go to the jury, but because there was no pleading to support the same.

[5] Under appellants' fifth assignment of error, contention is made that the trial court erred in the eleventh paragraph of his main charge to the jury, which is as follows: "If you find for plaintiff, the measure of his damages will be the difference, if any, in the market value of his cattle at Ft. Sumner, N. M., in the condition and at the time in which they arrived at said place, and the market value of the cattle at the time and in the condition in which they would have arrived there but for the negligence, if any, of the defendant or defendants, as the case may be; if any of the plaintiff's cattle died as the proximate result of the said defendants' negligence, if any, you will allow him the market value of said cattle at Ft. Sumner at the time and in the condition in which they would have arrived there but for the negligence, if any, of the defendant or defendants." Appellants submit two propositions under this assignment, as follows: "First proposition: The evidence in this case showing that 26 head of appellee's cows arrived alive at Ft. Sumner, N. M., the destination of said cows, and the court having, in the first part of the eleventh paragraph of the court's main charge to the jury, instructed the jury as to the proper measure of damages to said 26 head of cows at Ft. Sumner, N. M., at the time of their arrival, it was reversible error for the court, in the latter part of the eleventh paragraph of the court's main charge, to instruct the jury to allow appellee the market value for those of the 26 head that died after reaching Ft. Sumner, N. M. Second proposition: The eleventh paragraph of the court's main charge to the jury permitted double recovery, in that it permitted appellee to recover full damages to his 26 head of cattle that arrived in Ft. Sumner, N. M., and then permitted appellee to recover the entire value of the 10 cows that died after reaching Ft. Sumner, N. M." We have carefully read and studied the paragraph of the court's charge complained of, and think it not fairly open to the criticism made; in view of another trial, however, we suggest that, in the event delay in transportation is not an issue in the case, the court should eliminate from this portion of the charge the question of when the cattle reached Ft. Sumner, as compared to the question of when they should have reached there, as an element of recovery, and should also so word the latter portion of the charge as to show that a recovery for the dead cattle could only apply to such as died before reaching Ft. Sumner.

Under appellants' sixth assignment, complaint is made that the trial court erred in refusing to permit the defendants to prove how much the cattle in this shipment cost per head; the assignment being as follows: "Because the court erred in refusing to permit this defendant to prove how much the cattle in this shipment cost per head, there being no evidence of the market value at the place of destination, all of which is fully shown by bill of exception No. 3, which is here referred to and made a part hereof." Under this assignment the following propo-

sition is submitted: "The evidence in this case failed to show that there was a market value for appellee's cows at Ft. Sumner, N. M., the place of destination, and hence it was reversible error for the court to refuse to permit appellants to prove what appellee paid for these cows at Austin, Tex." We have carefully read the statement of facts, in so far as it bears upon this issue, and are unable to concur with the contention of appellants, but believe there was evidence of the market value of the cattle at Ft. Sumner, and therefore think the court did not err in excluding the proffered testimony.

[6] Under appellants' seventh assignment, contention is made that the trial court erred in giving in charge to the jury the fifth paragraph of his charge, as follows: "The proximate cause of an event is that which in a natural and continuous sequence, unbroken by any new or unbroken cause, produces the event, and without which the same should not have occurred." The proposition submitted thereunder being: "The court erred, in the fifth paragraph of his main charge to the jury, in attempting to define proximate cause, in this, the court failed to tell the jury, in his definition of proximate cause, that it must appear that the injury was the natural and probable consequence of the act, and that it or some similar injury ought to have been foreseen in the light of attending circumstances." We are inclined to the opinion that the charge given is not subject to just criticism, and that no injury could have resulted to appellants as a result of the failure of the court to add the clause suggested in the proposition, which might appropriately have been done. No requested instruction having been made, and there being no affirmative error in the charge, reversible error would not have resulted, even if the charge were within itself incomplete.

[7] Under appellants' eighth assignment, complaint is made that the trial court erred in refusing to give appellants' special charge No. 3, which is as follows: "Gentlemen of the jury, you are instructed that if you believe and find from the evidence in this case that the Ft. Worth & Denver City Railway Company exercised ordinary care (as that term is defined in the court's main charge) in the handling and transportation of said cows while the same were on this defendant's line of road or while in its possession, then you will return a verdict in favor of this defendant." Under this assignment are submitted the following propositions: "First proposition: Appellants having specially pleaded that they exercised ordinary care in the handling and transportation of appellee's cows while the same were on appellants' lines of road or in appellants' possession, and the evidence in the case showing that appellants did exercise ordinary care in the

handling and transportation of said cows while in their possession or on their lines of road, it was reversible error for the court to refuse appellants' specially requested instruction No. 3, wherein appellants sought to have such issue affirmatively submitted to the jury. Second proposition: Appellants having pleaded that they exercised ordinary care in the handling and transportation of appellee's cows, and the evidence being sufficient to raise such issue, and the court having failed to submit such issue to the jury in the court's main charge, it was reversible error for the court to refuse appellants' specially requested instruction No. 3, which sought to have said issue affirmatively submitted to the jury." The first proposition under this assignment will be overruled, for the reason that a careful reading of the statement of facts has convinced us that while the testimony as to negligence in the handling of the cattle by either of the appellants, and which may have resulted in injury to the cattle, is meager, there is such testimony as warranted the court in submitting to the jury that issue. The second proposition will be overruled for the reason that in our judgment the court's main charge sufficiently and fairly submitted the issue contended for under this proposition.

Under appellant Ft. Worth & Denver City Railway Company's eighth assignment of error contention is made that the trial court erred in overruling its motion for a new trial, on the ground that the evidence failed to show that it had been guilty of any negligence in handling and transporting appellee's cows. From what we have said upon this issue under other assignments, it follows that the same should be overruled.

Under the tenth assignment of the appellant Missouri, Kansas & Texas Railway Company of Texas, it is contended that the trial court erred in overruling its motion for a new trial because the evidence failed to show any such negligence in the handling of the cattle by it as would warrant a recovery. For reasons above stated, this assignment will be overruled.

Because of the errors above indicated, the judgment of the trial court will be reversed and remanded, and it is so ordered.