## MAYFIELD v. GAUSE.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 7, 1914.)

TRIAL (§ 244*) — INSTRUCTIONS — REQUEST TO
CHARGE—INSTRUCTIONS GIVEN.

The rule that a defendant has a right to demand the giving of a charge based on any specified group of facts which, if found to be true by the jury, would constitute a defense, does not authorize or require the giving of numerous charges on a single fact or group of facts constituting a single defense merely because the charges are differently phrased, since to do so would probably give undue prominence to the defense so presented in a manner most probably to influence the result.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 577–581; Dec. Dig. § 244.*]

Appeal from District Court, Tarrant County; James W. Swayne, Judge.

Action by Etta Mayfield against Geo. L. Gause. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Jas. C. Mercer and McCart, Bowlin, Terrell & McCart, all of Ft. Worth, for appellant. Slay & Simon, of Ft. Worth, for appellee.

SPIER, J. This is an action by Mrs. Etta Mayfield against Geo. L. Gause to recover damages growing out of the alleged failure of the defendant to properly embalm the body of a deceased son of the plaintiff. There was a verdict and judgment for the defendant, and the plaintiff has appealed.

Practically the only question presented on

this appeal is whether or not the court's charge, in connection with certain special charges given at the instance of defendant, prejudicially affected the appellant's cause by giving undue prominence to a feature of the case favorable to the defendant. In the main charge the trial court instructed the jury as follows: "If you find and believe from the evidence that defendant's agent in embalming said body did use the care and skill in embalming same, as above explained, then it will be your duty to find for the defendant; or if your believe and find from the evidence that defendant's said agent did use such care and skill in embalming said body, but that same afterwards decayed on account of any inherent condition of said body of such a nature as to prevent it from being embalmed so as to preserve it from decay, and that a person possessing the above-defined skill in embalming could not or would not have discovered such condition by the use of such care in embalming such body and have been able to prevent same by such ordinary skill from so decaying, then it will be your duty to find for the defendant."

In the paragraph preceding this the court had properly enjoined upon the defendant the duty to use the skill and care of a reasonably skilled licensed embalmer of the dead. Special charge No. 2 requested by appellee was given upon this issue. It is as follows: "You are further instructed that if you believe that Mit House, in embalming the body of the deceased, did it in the way and manner, and exercised that degree of care, that a competent and licensed embalmer would have done and would have exercised under the same or similar circumstances, your verdict will be in favor of the defendant, even though the said Mit House was not at the time a licensed embalmer."

Special charge No. 3, also given, was as follows: "You are further instructed that the defendant, Geo. L. Gause, did not guarantee the body to keep after the same was embalmed, and, even though you believe it decayed within a few hours after embalmment, you are still instructed to return a verdict in favor of the defendant, Gause, if you believe that said Mit House embalmed the body in the way and manner and with the care that a competent and licensed embalmer would have embalmed the same."

Moreover, special charge No. 4 was also given as follows: "Even though you should believe from the evidence that the body decomposed within a few hours, yet, if you believe that such condition resulted from tissue gases, or other causes that could not be prevented by a competent and licensed embalmer by the exercise of ordinary care under the same or similar circumstances, you will find for the defendant."

We are aware of the rule announced in M., K. & T. Ry. Co. v. McGlamory, 89 Tex. 635, 35 S. W. 1058, to the effect that a defendant has a right to demand the giving of a charge based upon any specified group of facts which, if found to be true by the jury, would constitute a good defense. But this rule under no fair interpretation can be held to authorize or require the giving of numerous charges upon a single fact or group of facts constituting a single defense, merely because such charges are differently phrased. Now, it is apparent that the defense based upon the fact of the exercise of proper care in embalming the body was fairly presented in the main charge of the court. It is equally apparent that the same fact as a defense is presented in special charges 2 and 3. There was no necessity for these special charges, or at least there was no necessity for all of them. Furthermore, we think in giving them the necessary effect was unduly to make prominent that feature of appellee's defense in such a way as most probably to influence the result. Lumsden v. C., R. I. & T. Ry. Co., 28 Tex. Civ. App. 225, 67 S. W. 168.

For the same reason we think special charge No. 4 was a repetition of the defense presented in paragraph 2 of the main charge and should not have been given. The "inherent condition" of the body referred to in the main charge could not under the evidence have referred to any other fact or matter than the "tissue gases" mentioned in the special charge given. Both charges presented the same fact or facts as a defense.

For the error of the court in thus emphasizing the features of the appellee's defense, the judgment is reversed, and the cause remanded.