## Ex parte Collins.

*Application for Mandamus to Circuit Court, to compel Reinstatement of Cause struck from Docket.*

1. *When cause may be struck from docket.* — When an action is brought against a defendant who is not legally competent to be sued, the cause may be struck from the docket by the court, *ex mero motu*, or on the suggestion of a third person as *amicus curiæ.*

2. *Action against "Board of School Commissioners of Mobile County."* —Where the summons and complaint are against the "Board of School Commissioners of Mobile County," but the names of the persons who compose the board are not stated, and it is not averred that the board is a body corporate, the action cannot be maintained, and the cause may be struck from the docket.

3. *Amendment of complaint.* — A complaint against a sole defendant, who is not competent to be sued, cannot be amended by adding or substituting the name of another person who is competent.

APPLICATION by P. E. Collins for a *mandamus* to the Circuit Court of Mobile, to compel that court to reinstate on its docket an action brought by said Collins against the "Board of School Commissioners of Mobile County," which said court had struck from the docket, on the suggestion of P. Hamilton and Thos. H. Herndon, as *amici curiæ*, that the summons and complaint showed no party against whom an action could be maintained. After the cause had been struck from the docket, as appears from the minute-entry, the plaintiff moved to amend his complaint, by striking out the name of said board of school commissioners, and substituting that of "E. R. Dickson, County Superintendent," and also by adding the name of said Dickson to that of the original defendant. The court overruled, and refused both of these motions; "to all which rulings," the minute-entry recites, "the plaintiff excepted;" but there is no bill of exceptions in the record. The record nowhere shows the name of the presiding judge in the court below.

ALEX. MCKINSTRY, for the petitioner.

P. HAMILTON, & THOS. H. HERNDON, *contra*.

PECK, C. J. — Every suit, or action at law, must have legal parties, plaintiff and defendant — parties competent to sue and be sued — parties for and against whom a legal judgment may be rendered. They must be either natural or artificial persons, individuals or corporations; otherwise, the proceeding is a nullity, and may be stricken from the docket by the court, on its own motion, or on the suggestion of a third person as the friend of the court.

2. The suit in this behalf, which the petitioner seeks to have reinstated upon the docket of the Circuit Court of Mobile County, was commenced by him in that court against " The Board of School Commissioners of Mobile County." In both the summons and complaint the defendant is described as " The Board of School Commissioners of Mobile County," without more. The persons composing said board are not named, nor is said board averred or stated to be a body corporate. The complaint contains two counts; the first, the common count for work and labor, &c. The second is as follows: " The plaintiff also claims of the defendant twelve hundred and twenty-five dollars, due for the breach of an agreement entered into by them, on the 28th day of November, A. D. 1870, in substance as follows: ' The said P. E. Collins agrees to teach a free school in district No. 1, commencing on the 28th day of November, 1870, for the term of seven months, and well and faithfully to perform the duties of teacher in said school, according to law and the rules legally established for the government thereof; for and in consideration of said services, he is to be paid the sum of two hundred and twenty-five dollars per school month.' Yet, although the plaintiff has complied with all the provisions on his part, the defendants have failed, and refused to comply with any of the provisions in this writ." It is manifest no legal judgment could be rendered on this complaint. No judgment could be rendered against the persons composing said board of school commissioners, because they are not named; nor could judgment be rendered against said board as a body, because it is not averred or stated to be a corporation, nor are we advised of any law constituting said board a corporation, or in any manner subjecting it to be sued. There being, then, no legal party defendant before the court, no defendant against whom any valid judgment could be rendered, the court committed no error in ordering the case to be stricken from the docket.

3. The proposed amendments to the complaint were rightly disallowed. They were not offered until after the case had been stricken from the docket, and were amendments not proper in themselves. The first proposed to strike out of the complaint a sole defendant, and insert the name of another as a defendant

instead. This could not be done, for the reason that it would be to make a new suit, and not merely an amendment of the complaint in the old suit. *Laird* v. *Moore*, 27 Ala. 326 ; and *Friend* v. *Oliver*, Ib. 532. The second proposed amendment was equally objectionable ; it was to add to the name of the defendant in the complaint, who was not competent to be sued, the name of a defendant who was.

It is not the province of the court to advise parties what their remedies are, or how they are to be enforced ; but it would seem that the legislature intended to provide a remedy for teachers of public schools, in cases like the petitioner's, by the second section of the Act of the 23d of February, 1871 (Pamphlet Acts, p. 46), entitled "An act to regulate the manner of bringing suits for the recovery of the public school fund of this State," which provides, "That in all suits against a county superintendent of education, on his official bond, for money due or belonging to any teacher or officer of the public schools of the State, the action shall be brought in the name of the State, for the use of such teacher or officer." However this may be, we think it quite clear the petitioner misapprehended his remedy in the case named in this petition.

The motion for a rule *nisi*, &c.; is denied, at the cost of the petitioner.