## C. C. BARBER V. CITY OF EAST DALLAS.

### No. 3142.

1. **Liability of City of Dallas for Wrongs Done by East Dallas Before its Annexation.**—The city of Dallas is liable for the damage to plaintiff's property taken by the city of East Dallas before its annexation. The facts show an attempted appropriation of a part of a city lot, owned by plaintiff, for a public street. The city officers had entered upon the premises, moved the dwelling houses thereon from the front to the rear end of the lot, they took down the fence, and were seeking to appropriate the front part of the lot for public use as a street. Suit was brought against the city of East Dallas. Pending suit the Legislature annexed East Dallas to the city of Dallas. Section 4 of the annexation act provided, "that the city of Dallas shall assume and pay all debts which may exist against the city of East Dallas at the time this act shall go into effect." The trial court erred in refusing the application by the plaintiff to make the city of Dallas a party defendant.

2. **Same—Debts.**—The transaction out of which the liability of East Dallas grew was one within the general power of the city to open streets, and would imply a corporate liability therefor. The use of the word *debts* in the annexation act shows an evident meaning including all obligations to pay money, whether arising from contract or implied by law, as a compensation for damages for property "taken, damaged, or destroyed for or applied to public use" within the meaning of the Constitution requiring compensation for such taking, etc.

APPEAL from Dallas. Tried below before Hon. CHAS. FRED. TUCKER.

The opinion states the case.

*Robert H. Capers,* for appellant.—1. No private property can be taken, damaged, or destroyed without compensation. Const. 1876, sec. 17, Bill of Rights; Sayles' Annotated Constitution, pp. 387, 396, 397, sec. 14. If the allegations in plaintiff's petition are true, his property was damaged and was about to be appropriated for public purposes without compensation and without complying with the law. Sayles' Civ. Stats., arts. 4181, 4182, 4285, etc.

2. We hold that the claim for damages against East Dallas was a debt such as was intended in the act above referred to. It is not, technically speaking, but is contemplated in the act. A claim for damages can be assigned or transferred as any other claim. Where there is a claim for damages against one railway corporation, and suit is insti-

tuted thereon, and afterward it consolidates with another corporation by authority of law, making a new one, the new one is liable for the claim. Railway v. Shirley, 54 Texas, 125; Railway v. Murphy, 46 Texas, 365; 59 Texas, 623; 42 Texas, 163; 56 Texas, 609; 3 Ct. App. C. C., sec. 97; 1 Ct. App. C. C., sec. 386. And we can see no good reason why the same principle will not apply to municipal corporations which take all the benefits and succeed to all the rights of the old corporation.

3. The plaintiff is entitled to redress from some source, either from the original defendant or its successor. There is quite a distinction as to plaintiff's rights in this case (being tort) and as to what they might have been in a case of contract where the act of the corporation was ultra vires or without the sanction of the law; in the one case he is without fault, and in the other he is presumed to understand the law and the binding force of the act on the part of the corporation. Wait on Insolv. Corp., sec. 8, citing Salt Lake City v. Hollister, 118 U. S., 263. And when a municipal corporation with fixed territory is dissolved by the Legislature, the new getting the territory, the same population, taxable property, etc., the debts and liabilities will fall upon the successor. A change in the charter will not relieve corporations from previous liabilities. Wait on Insolv. Corp., sec. 390, citing 116 U. S., 289; 100 U. S., 514; 13 Wend. (N. Y.), 325; 26 La., 478; 102 U. S., 472; 93 U. S., 266; Devereaux v. City of Brownsville, 29 Fed. Rep., 742.

*A. P. Wozencraft* and *M. Trice*, for appellee.—Upon the repeal of the charter of the city of East Dallas said city became civilly dead; and, unless specially provided by statute, all suits or claims based upon its tortious acts abated upon its death, and the city of Dallas would not be liable therefor. Watson v. Loop, 12 Texas, 11; 2 Will. on Exrs., 3 Am. ed., pp. 1469–1478 (former ed., 1470, et seq.); Denny v. Manhattan Co., 2 Hill (N. Y.), 220.

GARRETT, PRESIDING JUDGE, *Section B.*—When this case was called for trial November 21, 1890, the attorney for the defendant, the city of East Dallas, suggested that since the institution of the suit the charter of the defendant had been repealed by the Legislature of the State of Texas, and that its territory had been annexed to the city of Dallas, by an act approved April 3, 1889, which took effect January 1, 1890; that since that time the defendant corporation had not existed, but had wholly ceased, and all of its territory had been added to the city of Dallas; that by the terms of said Act of the Legislature all the property of the defendant corporation had been vested in the city of Dallas, and since said time defendant had no means to pay any debt and no power to sue or be sued; and that the cause should be dismissed or new parties compelled to be made.

Upon this suggestion the plaintiff moved the court to grant him leave to make the city of Dallas party defendant, on the ground that the territory formerly embraced in the city of East Dallas had been annexed to and incorporated into the city of Dallas, and that the Act of the Legislature repealing the charter of the city of East Dallas and incorporating the territory thereof in the city of Dallas made the latter liable for the lawful debts of the city of East Dallas, and to grant him a continuance for the purpose of making the city of Dallas party defendant.

Plaintiff's cause of action as shown by his petition was for damages occasioned by the acts of the officers and agents of the defendant in entering upon the premises of the plaintiff and moving the dwelling house thereon situated from the front to the rear end of the lot, tearing down his fence, and seeking to take a portion of the front of the lot for public purposes. There was a prayer for injunction to restrain the defendant and its agents from further molesting said property unless compensation should be made; and an order was made by the judge in chambers temporarily restraining the defendant as prayed. The damages sought to be recovered are for the injuries in moving the dwelling house and tearing down the fence, and not for the portion of the lot sought to be taken. It is disclosed by the answer of the defendant that the property was to be taken for the purposes of a street.

The Act of the Legislature was submitted to the court by both parties and agreed to be considered as part of the record. It was the opinion of the court that the suit should be abated as to the city of East Dallas; and that this action, being for damages for an alleged tort and not for debt, could not now lie against the city of Dallas; and the court refused to grant plaintiff leave to make the city of Dallas a party defendant and to grant a continuance for that purpose, and abated the suit; to which ruling the plaintiff excepted and gave notice of appeal, and has brought the case here for revision.

No assignment of error has been filed, but the error, if any, is apparent upon the face of the record, and the judgment as entered by the court with the aid of the plaintiff's petition showing the facts constituting his cause of action fully presents the question, which is the liability of the city of Dallas for the damages to plaintiff's property done by the city of East Dallas. "No person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person." Const. 1876, art. 1, sec. 17. By the act of the defendant in its attempted appropriation of a portion of the plaintiff's property for a street, which was a public use, plaintiff's property was damaged, and the defendant by the terms of the Constitution became liable for whatever damage the property may have sustained, and this liability was existing at the time the Act of the Legislature repealing the defend-

ant's charter and incorporating its territory into the city of Dallas took effect. By section 4 of said act it was provided, "that the city of Dallas shall assume and pay all the lawful debts which may exist against the city of East Dallas at the time this act shall go into effect." The power of the Legislature to make this provision unless restrained by special constitutional provision, and there is no such restriction in the Constitution, is clear and ample. 1 Dill. Mun. Corp., sec. 173; Id., sec. 63, note 2; Id., secs. 185, 186.

The transaction out of which the defendant's liability grew was one within the general power of the city to open streets, and would imply a corporate liability if the Constitution had not created it in special terms. Although in the nature of a tort, the liability is a fixed one growing out of the exercise of powers conferred upon the defendant by law; and although the law prescribed the manner in which property may be condemned and taken for the use of a street, the failure of the defendant to follow the method pointed out by law does not change its liability for whatever damage the plaintiff's property may have sustained; for a municipal corporation becomes liable for damages when its agents or officers, under its authority or direction, commit a trespass upon or take possession of private property without complying with its charter or the statute. 2 Dill. Mun. Corp., sec. 971. In common parlance the word "debt" is sometimes used to denote any kind of a just demand, and has been differently defined, owing to the subject matter of the statutes in which it has been used; and while ordinarily it imports a sum of money arising upon a contract, express or implied, in its more general sense it means that which one person is bound to pay or perform to another. 5 Am. and Eng. Encyc. of Law, in verb. "Debt," p. 175. The use of the word in the act repealing the charter of East Dallas and incorporating its territory into the city of Dallas is in its general sense; and its evident meaning is to include all obligations to pay money, whether arising from contract or implied by law as a compensation for damages for property "taken, damaged, or destroyed for or applied to public use," within the meaning of the Constitution.

We are of the opinion that the liability of the city of East Dallas existing on January 1, 1890, for the damages to the property of plaintiff, was such a liability as would be within the meaning of the word "debt" as used in the Act of the Legislature, and that the city of Dallas became answerable to the plaintiff therefor. The court erred in holding otherwise.

The judgment of the court below should be reversed and the cause remanded for further proceeding.

*Reversed and remanded.*