SARAH A. TYLER, Respondent, *v.* THE VILLAGE OF LANSINGBURGH, Defendant.

THE CITY OF TROY, Appellant.

*Negligence — an action therefor against the village of Lansingburgh may since its annexation be continued against the city of Troy.*

The plaintiff, in an action brought against the village of Lansingburgh to recover damages claimed to have been caused by the negligence of such village, which action was pending at the time of the taking effect of chapter 665 of the Laws of 1900, annexing the village of Lansingburgh to the city of Troy, is entitled to have the city of Troy substituted as the party defendant in the action, although the annexation act did not, in terms, devolve upon the city of Troy liability for the negligent acts of the village.

The indebtedness specified in sections 8 and 10 of the annexation act, charging the outstanding indebtedness of the village of Lansingburgh upon the city of Troy, was intended to include whatever indebtedness had been incurred by the village of Lansingburgh whether upon contract or in tort.

PARKER, P. J., dissented.

APPEAL by The City of Troy from an order of· the Supreme Court, made at the Albany Special Term and entered in· the office of the clerk of the county of Rensselaer on the 4th day of April, 1902, directing that the appellant be substituted as defendant in the action in the place and stead of The Village of Lansingburgh.

*Thomas S. Fagan,* for the appellant.

*J. K. Long,* for the respondent.

SMITH, J. :

. By chapter 665 of the Laws of 1900 the village of Lansingburgh was annexed to and became part of the city of Troy. That act took effect upon the 1st day of January, 1901. (§ 15.) At that time there was pending this action, brought by the plaintiff against the village of Lansingburgh to recover damages claimed to have been caused by the negligence of the said village. By section 4 of that act it was provided that upon the taking effect of the act, " the municipal and public corporation known as the village of Lansingburgh shall cease and determine, and its powers to the full extent of legislative power in this* behalf shall devolve upon the city of Troy. All offices pertaining to the local government of said village are hereby abolished, and the term of office of all officers thereof, except as herein otherwise provided, shall terminate at the taking effect of this act."

Whatever right of action plaintiff may have against the officers of the village of Lansingburgh personally, she had also a cause of action against the village of Lansingburgh prior to the 1st day of January, 1901. Whether or not this cause of action could lawfully be taken from her by the extermination of the village of Lansingburgh as a municipal corporation, we are clearly of the opinion that such was not the intention of the act. By section 8 of the act all the outstanding indebtedness of the village of Lansingburg became a charge upon, and was to be paid by the city of Troy, as the same should become due and payable; and, by section 10, it was provided that to pay the maturing indebtedness of the present village of Lansingburgh, a sufficient sum should be levied and collected by tax upon the real and personal property within that portion of

* *Sic.*

the enlarged city of Troy which was within the limits of said village of Lansingburgh. There is no other provision of the act which saves to this plaintiff this right of action for negligence. It has, I think, been the universal custom of the Legislature, wherever any corporation has been dissolved or has been merged in another corporation, to provide for a survival and liquidation of all legal claims existing. In view of this custom, we think it may be safely held that the indebtedness specified in sections 8 and 10 of the annexation act was intended to include whatever liability may have been incurred by the village of Lansingburgh, whether through contract obligation or in tort.

If, then, this liability has been placed upon the City of Troy, the City of Troy is the proper defendant. There are no officers remaining to the village of Lansingburgh with duty to defend this action. That duty, then, must devolve upon the City of Troy. We think the order was properly made and should be affirmed.

All concurred, except PARKER, P. J., dissenting.

Order affirmed, with ten dollars costs and disbursements.