TYLER v. VILLAGE OF LANSINGBURG et al.

(Supreme Court, Appellate Division, Third Department.   November 12, 1902.)

1. MUNICIPAL CORPORATIONS—CONSOLIDATION—EFFECT—ACTIONS AGAINST CITY CONSOLIDATED—PARTIES—SUBSTITUTION.

Laws 1900, c. 665, annexed the village of Lansingburg to the city of Troy; and section 4 provided that on the taking effect of the act the municipal and public corporation of Lansingburg should cease, and its powers should devolve on the city of Troy. Section 8 made all the outstanding indebtedness of the village a charge on the city of Troy, and section 10 provided that, to pay the maturing indebtedness of the village, a sufficient sum should be levied by tax on the real and personal property of the village. *Held*, that the liabilities contemplated by sections 8 and 10 included liabilities arising both ex contractu and ex delicto, and therefore, where an action for negligence was pending against Lansingburg at the time the consolidation act took effect, the city of Troy was properly substituted as defendant therein.

Parker, P. J., dissenting.

Appeal from special term, Rensselaer county.

Action by Sarah A. Tyler against the village of Lansingburg From an order of the special term of the supreme court (76 N. Y. Supp. 139) directing the city of Troy to be substituted as defendant, the city of Troy appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, SMITH, and CHASE, JJ.

Thomas S. Fagan, for appellant.
Long & Maxwell (J. K. Long, of counsel), for respondent.

SMITH, J.   By chapter 665 of the Laws of 1900 the village of Lansingburg was annexed to and became part of the city of Troy.

That act took effect upon the 1st day of January, 1901. At that time there was pending this action, brought by the plaintiff against the village of Lansingburg to recover damages claimed to have been caused by the negligence of the said village. By section 4 of that act it was provided that upon the taking effect of the act—

"The municipal and public corporation known as the village of Lansingburg shall cease and determine, and its powers to the full extent of legislative power in its behalf shall devolve upon the city of Troy. All offices pertaining to the local government of said village are hereby abolished, and the term of office of all officers thereof, except as herein otherwise provided, shall terminate at the taking effect of this act."

Whatever right of action plaintiff may have against the officers of the village of Lansingburg personally, she had also a cause of action against the village of Lansingburg prior to the 1st day of January, 1901. Whether or not this cause of action could lawfully be taken from her by the extermination of the village of Lansingburg as a municipal corporation, we are clearly of the opinion that such was not the intention of the act. By section 8 of the act all the outstanding indebtedness of the village of Lansingburg became a charge upon, and was to be paid by, the city of Troy as the same should become due and payable; and by section 10 it was provided that to pay the maturing indebtedness of the present village of Lansingburg a sufficient sum should be levied and collected by tax upon the real and personal property within that portion of the enlarged city of Troy which was within the limits of said village of Lansingburg. There is no other provision of the act which saves to this plaintiff this right of action for negligence. It has, I think, been the universal custom of the legislature, wherever any corporation has been dissolved or has been merged in another corporation, to provide for a survival and liquidation of all legal claims existing. In view of this custom, we think it may be safely held that the indebtedness specified in sections 8 and 10 of the annexation act was intended to include whatever liability may have been incurred by the village of Lansingburg, whether through contract obligation or in tort. If, then, this liability has been placed upon the city of Troy, the city of Troy is the proper defendant. There are no officers remaining to the village of Lansingburg with duty to defend this action. That duty, then, must devolve upon the city of Troy. We think the order was properly made, and should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur, except PARKER, P. J., who dissents.