# City of Birmingham *v.* Darden.

### *Damage for Maintaining Nuisance.*

1. *Municipal Corporations; Merger; Adjustment of Liability.*— Where one municipality is merged into another and the act providing for the merger provides that the city into which the other is merged shall be liable for the debts of the city merged, such city into which the other is merged is liable for damages which accrued against the other before the merger.

2. *Same; Parties; Substitution.*—Under the provisions of sections 1156 and 1159, Code 1907, the name of the city into which the other city was merged may be substituted in a complaint against the city which was merged as that of the original defendant.

3. *Same; Action; Plea; Conditions Precedent to Action.*—In an action against a city an objection on the ground that the complaint does not allege that the claim was presented to the defendant in time to save the right of action must be taken by plea.

4. *Parties; Substitution; Striking Out Parties; Entire Change of Parties.*—As a rule the complaint cannot be amended as to parties by striking out the sole party plaintiff or defendant and substituting another in its stead. But that rule has no application in this case.

[City of Birmingham v. Darden.]

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Thea Darden against the town of East Lake for damages for maintaining a nuisance. Pending the trial the limits of the city of Birmingham were so extended as to include the town of East Lake, and by amendment the city of Birmingham was substituted as the sole defendant. Judgment for plaintiff and defendant appeals. Affirmed.

R. H. THACH, for appellant. Counsel insists that there was no authority in law whatever for the substitution of the city of Birmingham as the sole party defendant, and that the court erred in permitting it to be done, but cites no authority in support thereof. Counsel further insists that the complaint does not show that the claim was presented within the time allowed, as the action was in tort.—Section 1191, Code 1907.

BOWMAN, HARSH & BEDDOW, for appellee. The action of the court in substituting the city of Birmingham as the sole party defendant was authorized by following authorities.—General Acts 1909, p. 234; Local Acts 1909, p. 392; Local Acts 1909, 416; Secs. 1156 and 1159, Code 1907; B. R. L. & P. Co. v. Enslen, 144 Ala. 343; see also 76 N. Y. App. 165; 78 N. Y. Supp. 433; 48 L. R. A. 421; 83 Tex. 147; Dillon Mun. Corp., Sec. 186. The question of whether or not the demand was presented in time was not raised in the court below by plea, and hence, will not be considered.

PER CURIAM.—This is an action by the appellee for damages resulting from the maintenance of a nuisance. The action was originally against the town of East Lake, a municipal corporation, but, during the progress of the case, the act known as the "Greater Bir-

mingham Act" (Acts 1909, p. 392) was passed, by which the corporate limits of the city of Birmingham were extended so as to include the town of East Lake, and thereupon a motion was made to strike from the complaint the name of the town of East Lake, and insert in lieu thereof the name of the city of Birmingham, which motion was granted; and the first assignment of error is to the action of the court in overruling a demurrer to said motion. It is insisted by the appellant that there is no authority of law for the making of the substitution.

It has been held by the courts of other states that, where one municipality is merged into another by an act providing that the latter shall be liable for the debts of the former, the latter is liable, in an action for damages which accrued against the former before the merger.—*City of Dallas v. Beenman,* 23 Tex. Civ. App. 315, 55 S. W. 762; *Huffmire v. Brooklyn,* 162 N. Y. 584, 57 N. E. 176, 48 L. R. A. 421. Also that, where such change was made during the pendency of the suit, it was proper to strike the name of the original defendant, and substitute that of the city which had become liable by virtue of said act.—*C. C. Barber v. City of East Dallas,* 83 Tex. 147, 18 S. W. 438; *Tyler v. Village of Lansinburgh,* 76 App. Div. 165, 78 N. Y. Supp. 433.

It is true that, under our decisions, there is a limit to the right of amendment of a complaint, to the effect that a sole plaintiff or defendant cannot be stricken and another substituted in his place.—*Vinegar Bend Lumber Co. v. Chicago T. & T. Co.,* 131 Ala. 411, 30 South. 776; *Springfield Fire Ins. Co. v. De Jarnette,* 111 Ala. 248, 257, 19 South. 995; *Western Ry. of Alabama v. McCall,* 89 Ala. 375, 7 South. 650; *Davis Ave. R. Co. v. Patrick Mallon,* 57 Ala. 168; *Ex parte Collins,* 49 Ala. 69.

However, section 1156 of the Code of 1907 provides that, "when any municipal corporation has been absorbed, or its government extinguished by the alteration or re-arrangement of the boundary lines of another city or town, the city or town so altering or rearranging its boundary lines shall assume and pay any and all debts, liabilities, bonded indebtedness, and interest thereon, of every kind and character, when the same shall become due, that may have been lawfully contracted by the city or town so absorbed or whose government has been extinguished," etc.; and section 1159 provides that "all suits pending in any court on behalf of said city or town so absorbed or whose government is extinguished, may be prosecuted or defended in the name of the city or town whose boundary lines shall be altered or rearranged," etc. The evident purpose of this section is to authorize the substitution of the name of the city so made liable for that of the original defendant, as otherwise the suit would not be prosecuted or defended in *the name* of the city or town whose boundary lines" have been altered. It results that there was no error in overruling the demurrer to the motion.

As to the demurrer to the complaint, on the ground that it does not allege that the claim was presented within six months, this is a matter that should be presented by plea, and the record shows that it was presented by plea, and some of the charges asked by the defendant show that there was a presentation, which was held by the court to be legal, and there is no bill of exceptions. This is analogous to the defense of the failure to present a claim to an administrator, which, in a court of law, must be specially pleaded.—*Adm'r of Mardis v. Smith*, 2 Ala. 382; *Smith & Crawford, Ex'rs, v. Huie, Adm'r*, 14 Ala. 201, 206. There was no error in overruling this demurrer.

[Singer Sewing Machine Co. v. Henderson.]

The judgment of the court is affirmed.

Affirmed.

NOTE.—The above opinion was prepared by Mr. Justice Simpson of the Supreme Court, before the transfer of the case to this court, and is adopted by this court.