**RENAULT, INC., et al., Appellants,**

v.

**CITY OF HOUSTON, Appellee.**

**No. 4610.**

Court of Civil Appeals of Texas.

Waco.

May 18, 1967.

Rehearing Denied June 8, 1967.

Thompson, Coe, Cousins & Irons, R. B. Cousins, Dallas, Painter & Painter, James R. Roos, Houston, Greenhill & Speyer, Simon Greenhill, New York City, for appellants.

William A. Olson, City Atty., Homer T. Bouldin, Herbert M. Beazley, Asst. City Attys., Baker, Botts, Shepherd & Coates, John F. Heard, Andrews, Kurth, Campbell & Jones, Wm. H. Tenison, Jr., Houston, for appellee.

WILSON, Justice.

## OPINION

This action arises from damage alleged to have been caused by diversion or impounding of water by a road. Appellants, importers and distributors, stored 1620 Renault, Dauphin and Peugeot automobiles which had been imported from France through the Port of Houston. They leased 27 acres as a storage area, beginning the storage late in 1959. The south boundary

of the storage tract was Clinton Drive, a divided roadway, the south half of which was higher than the other. There was a culvert under the road, and under railroad embankments south of the road.

On June 24, 1960 rainfall began in the area and in a three-day period totalled 14.25 inches. It was the heaviest rainfall ever recorded for such period. Water covered the storage lot, resulting in damage to the automobiles found by the jury to be $900,000. The parties stipulated a limitation of the damages to $862,500.

The City of Houston was the sole defendant against which judgment was rendered. It did not construct Clinton Drive. The road had been built by Harris County in 1947, and annexed to the City of Houston in 1949.

Plaintiff-appellants pleaded and tried the suit, as they say, on three theories: (1) that there was a damaging of the automobiles under Art. I, Sec. 17 of the Texas Constitution, Vernon's Ann.St.; (2) that the city was liable for impounding surface waters in violation of Art. 7589a, Vernon's Ann.Civ.St.; and (3) common law negligence. As the case is briefed by appellants we are concerned only with the first two pleaded bases of recovery.

The jury verdict included findings to the effect that the City maintained the culvert under Clinton Drive at an elevation and size which prevented adequate drainage; that the road was maintained by the City so as to impound and interfere with the natural flow of surface waters; that appellants were negligent in failing to ascertain the drainage characteristics of the property, and this negligence was a proximate cause of damage. Negative answers were returned to issues inquiring about negligence of defendant, and proximate cause; and as to whether the damages were solely caused by an act of God. The court overruled appellants' motion for judgment and rendered judgment for the City.

Appellants' points are to the effect that the City is liable under the noted constitutional and statutory provisions. We do not reach their point as to existence or adequacy of evidence to support the adverse negligence finding.

We first consider appellants' contention that absolute liability existed, despite findings of negligence, by the provisions of Art. 7589a, Vernon's Ann.Civ.Stat. This statute provides that it is unlawful for "any person, firm or private corporation" to divert the natural flow of surface waters, or to permit a diversion or impounding thereof to continue in such manner as to damage another's property by overflow of the water so diverted or impounded. It is provided that the injured party "shall have remedies, both at law and in equity, including damages occasioned thereby".

We do not decide the question of whether the statute imposes absolute liability, irrespective of negligence and proximate cause.

■ In our opinion Art. 7589a is not applicable to appellee, the City of Houston, since it is a municipal, and not a "private corporation."

In State v. Central Power & Light Co., 139 Tex. 51, 161 S.W. 2d 766, 768, the Supreme Court considered a statute prohibiting certain acts of "persons, firms, corporations or associations of persons," and, holding that a municipal corporation was not contemplated by the act, announced the rule that "the word 'corporation' is construed to apply only to private corporations and does not include municipal corporations, unless the statute expressly so provides." Art. 7589a not only fails to expressly include municipal corporations; it specifically designates and confines those included to "private" corporations.

Liability is not sustainable under the statute. See City of Tyler v. Texas Employers' Ins. Ass'n, Tex.Com.App., 288 S.W. 409, 410, rehearing overruled, id., 294 S.W. 195 and authorities cited; City of Houston v. L. J. Fuller, Inc., Tex.Civ.App., 311 S.W.2d 285, 291; City of Houston v. Howe

& Wise, 323 S.W.2d 134, 151, writ ref. n. r. e.[1]

Appellant says the City is subject to absolute liability under Art. I, Sec. 17 of the Texas Constitution,[2] as to which plaintiff's negligence is no bar.

The asserted Constitutional basis of liability is best tested by consideration of appellee's arguments against it.

The City says this is exclusively a tort action based on negligence; that therefore plaintiff's contributory negligence bars recovery; and that there is no constitutional taking or damaging. It relies on language in DuPuy v. City of Waco (Tex.Sup.1965), 396 S.W.2d 103, 108, that the basic concept in the constitutional requirement for payment of compensation is in terms of private property being subjected to "*perpetual servitude.*" It seizes on this language to argue that if the City is liable and were to pay for a constitutional taking it would thereby have a "perpetual servitude" on the land under the Supreme Court's holding; that it obviously would not acquire such a perpetual servitude in this case, and the constitutional provision, therefore, does not

apply. The Supreme Court, in DuPuy, however, only distinguished between a "taking" of property and its damage or destruction. The language in the opinion does not sustain the argument, and we think it does not imply the restriction now claimed.

The City attacks a reference in appellants' brief to "inverse condemnation," and debates at length the premise that this is such. It says there is no taking in this case. It is not necessary to pass on the question. (See Brazos River Authority v. City of Graham, 163 Tex. 167, 354 S.W.2d 99).

The damage to plaintiffs' automobiles is "damage" to property under Art. I, Sec. 17. That question was decided by the Supreme Court in City of Waco v. Roberts, 121 Tex. 217, 48 S.W.2d 577 (1932). In the Roberts case the City built an embankment which caused water from rainfall, which normally flowed toward a creek, to accumulate and stand for limited periods on plaintiff's property, reducing its value. It was held the property was damaged under Art. I, Sec. 17.[3]

■ It is next urged that the City cannot be held liable under the constitution when

---

1. Appellants rely on City of Brady v. Cox, Tex.Civ.App., 48 S.W.2d 511, no writ. The opinion in that case merely suggested that the Fletcher v. Rylands rule of strict liability was the same for municipal corporations as for private corporations under the decision in City of Wichita Falls v. Mauldin, Tex.Com.App., 39 S.W.2d 859, and City of Wichita Falls v. Sullivan, Tex.Com.App., 39 S.W.2d 882. The latter two cases arose on facts which occurred in January, 1927 before the re-enacted statute, Art. 7589a, was adopted; and they did not mention the statute. City of Brady v. Cox did not purport to hold the Statute was applicable to municipal corporations, but said it saw no reason why the "principle" of strict liability should not apply to municipal corporations. In Falls County v. Kluck, Tex.Civ.App., 199 S.W.2d 704, no writ, also relied on, the court cited City of Brady v. Cox. There were before the court only two questions: whether a showing of irreparable injury was sufficient to support an injunction where damage was measurable, and ex-

cessive damages. We are of the opinion our holding is not in direct conflict with the decision of a material question of law in that case, but if so, we follow the Supreme Court's holding in the matter.

2. "No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person * * *."

3. The opinion in Texas Highway Department v. Weber, 147 Tex. 628, 219 S.W.2d 70, on which the City relies, involved the spreading of fire in the burning of grass while the Highway Department was engaged in highway maintenance. The basis for holding constitutional non-liability was that the damage was "not necessarily an incident to, or necessarily a consequential result of," clearing grass from the highway, but was solely the result of negligence. The quoted factor is not present in this case. See 15 Baylor L.Rev. (1963) 403.

acting in connection with street "maintenance," a proprietary function. The argument is that the verdict found that street "maintenance"—not the actual construction—resulted in impounding of the water; that the City can therefore only be liable as for tort, and not for constitutional damage. Language in Bates v. City of Houston, Tex.Civ.App., 189 S.W.2d 17, writ ref. w. m., is relied on. That case stated that by maintenance of a nuisance ("a tort different in character from mere negligence") the City exercised a proprietary function, and was not liable for constitutional damage. On rehearing the opinion stated that a city can "damage" private property only when it acts as an arm of the state, and "not in its proprietary capacity." The cases cited do not support the statement. Appellee's argument, in our opinion, is not sound. See State v. Hale, 136 Tex. 29, 146 S.W.2d 731, 737.

■ Appellee says the word "property" in the Constitutional provision applies only to real property, and not to automobiles, as movable personalty temporarily stored on land. Its reasoning appears to be simply that other reported Texas cases involve only realty. The term "property" as used in the Fifth Amendment to the Federal Constitution relates to every species of property, including personalty. Lynch v. United States, 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434. It also means this under the Texas Constitution. See Gulf, C & S. F. Ry. Co. v. Fuller, 63 Tex. 467, 469.

The City submits that the automobiles were not taken, damaged or destroyed for "public use," and that Constitutional liability, consequently, does not exist. We are not concerned here with the application of the quoted words to "taking" in eminent domain proceedings. In the latter context the use must not be a "private" use or purpose. Maher v. Lasater, 163 Tex. 356, 354 S.W.2d 923. The Texas Constitution is broader here in its scope than the language of the Fifth Amendment to the United States Constitution. See Bedford v. United States, 192 U.S. 217, 24 S.Ct. 238, 48 L.Ed. 414. "Damage" here means "injury." Gulf, C. & S. F. Ry. Co. v. Fuller, 63 Tex. 467; Magnolia Pipeline Co. v. City of Tyler, Tex.Civ.App., 348 S.W.2d 537, writ ref.

■ Here the automobiles are not "taken" in toto, but they are damaged. Cf. Tarrant County, etc., Dist. v. Fowler, Tex.Civ.App., 175 S.W.2d 694, writ ref. It is the road, and not the automobiles, to which the term "public use" must be applied. That use must have a justifying public purpose. Marrs v. Railroad Commission, 142 Tex. 293, 177 S.W.2d 941. Here the automobiles are damaged in the exercise by the City of its lawful authority in performance of such a lawful purpose for the benefit of the general public, and the damage is for "public use." See State v. Hale, 136 Tex. 29, 146 S.W.2d 731, 736. The contention, in our opinion, should be rejected.

The City presses us to hold that it did not "damage" the automobiles because it did no affirmative act. It is insisted that when the City annexed the land in 1949 the road had already been constructed by the County, and appellee is only charged here with continuing or maintaining the pre-existing condition. Thereby, it claims, it has no liability under Art. I, Sec. 17.[4]

■ On this question the City emphasizes language in State v. Hale, 136 Tex. 29, 146 S.W.2d 731, 736: "The true test is, did the State *intentionally* perform certain *acts*" resulting in plaintiffs' damage. These words are not subject to the City's restrictive interpretation, in our opinion. We do not believe the writer intended to differentiate "acts" and "omissions", or active and passive conduct. There is as much culpability for the "act" of continuing or maintaining a condition under the Constitution,

4. City of Dallas v. Winans, Tex.Civ.App., 262 S.W.2d 256, no writ, is relied on. That case was not an action for damages, but for mandatory injunction. It is not in point.

we think, as for its creation. See Barber v. City of East Dallas, 83 Tex. 147, 18 S.W. 438, 439.

■ Finally it is said the notice and claim requirements of the Houston City Charter were not complied with. In the case of damage under Art. I, Sec. 17, notice and claim are not conditions precedent to right of recovery. City of Waco v. Roberts, 121 Tex. 217, 48 S.W.2d 577, 579 (1932).

■ Appellee's cross-point that plaintiffs' cause of action is barred by limitation has been considered and is overruled. The cause of action did not accrue until the damage occurred, and the action was instituted within two years thereafter.

The case has been fully developed. Although the jury verdict was for $900,000, the parties have stipulated that the judgment should not exceed $862,500. The judgment is reversed and here rendered for plaintiffs in that sum.